**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4764**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

RUBEN RUIZ-CHAVEZ,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:08-cr-00027-5)

Submitted:  February 10, 2011          Decided:  March 1, 2011

Before AGEE, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Peter C. Anderson, ANDERSON TERPENING, PLLC, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ruben Ruiz-Chavez pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2006). Ruiz-Chavez was sentenced to 120 months' imprisonment. Ruiz-Chavez's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating his opinion that there are no meritorious issues for appeal but raising the issue of whether the district court erred in finding that Ruiz-Chavez did not meet the requirements for the safety valve reduction. Ruiz-Chavez was notified of his right to file a pro se supplemental brief, but has not filed a brief. The Government has declined to file a responsive brief. We affirm.

A district court's determination of whether a defendant has satisfied the safety valve criteria is a question of fact reviewed for clear error. United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997). This deferential standard of review permits reversal only if this court is "'left with the definite and firm conviction that a mistake has been committed.'" United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

To qualify for the safety valve provision, the defendant must establish the existence of five prerequisites. 18 U.S.C. § 3553(f) (2006); USSG § 5C1.2. The burden is on the defendant to prove that all five safety valve requirements have been met. United States v. Beltran-Ortiz, 91 F.3d 665, 669 (4th Cir. 1996). Our review of the record leads us to conclude that the district court's finding that Ruiz-Chavez did not qualify for the safety valve provision because he was not truthful in his statement to the Government is not clearly erroneous.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Ruiz-Chavez, in writing, of the right to petition the Supreme Court of the United States for further review. If Ruiz-Chavez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ruiz-Chavez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED